IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERRY BAUDISON, )
)
         Plaintiff, )
)
vs. ) Case No. 3:19-CV-512-MAB
)
WALMART, INC., )
)
         Defendant. )

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant Walmart's amended notice of removal (Doc. 12), its motion to dismiss (Doc. 4), and its motion to strike (Doc. 6).

**A. Amended Notice of Removal**

In the original one-page complaint, Plaintiff indicated she was seeking $25 million from Walmart for "willful neglect and neglect" based on an unspecified "incident" that occurred at a Walmart store in Marion, Illinois (Doc. 1-2). Plaintiff's demand for $25 million was not tethered to any facts whatsoever. Walmart removed the case based on the complete diversity of the parties and asserted that the amount in controversy requirement was satisfied given Plaintiff's demand for $25 million (Doc. 1, Doc. 12). In the notice of removal Walmart did not assert any additional facts about the incident at issue or Plaintiff's purported injuries (*see* Doc. 1). Given the complete dearth of information from both parties, the Court determined that the notice of removal did not contain allegations sufficient to establish that the amount in controversy exceeded the

$75,000 jurisdictional minimum (Doc. 11). Rather than remand the case, however, the Court gave Walmart an opportunity to file an amended notice of removal setting forth additional facts (Doc. 11).

In the amended notice of removal, Walmart alleged that Plaintiff had advised she was struck on the head with a box of merchandise at the Marion store in October 2016 and incurred an injury that she was "still suffer[ing] from" over two years later (Doc. 12). The Court also notes that Plaintiff indicated in one of her filings that a customer knocked a box of Hot Wheels cars that weighed approximately eight pounds off the top shelf, and the box hit Plaintiff "on the top of the head causing neck and back injuries" (Doc. 7, p. 4). Walmart also pointed out that Plaintiff appears to be seeking punitive damages given her claim for "willful neglect" (Doc. 12). Given Plaintiff's allegations of ongoing physical injuries and her claim for punitive damages, Walmart estimates that the amount in controversy exceeds $75,000 (Doc. 12).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. If, however, a defendant's assertion of the amount in controversy is questioned, the defendant must prove facts that demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional limit. *Id.* at 88; *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Once the defendant has made its

estimate and the factual allegations supporting that estimate have been established through competent proof by a preponderance of the evidence, "then the *St. Paul Mercury* standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian Sec. Ins.*, 441 F.3d at 542, 543 (citing *St. Paul Mercury Indemnity Co v. Red Cab Co.*, 303 U.S. 283 (1938)).

The Court finds that the additional facts asserted by Walmart, in conjunction with Plaintiff's claim for punitive damages, make plausible Walmart's assertion that the amount in controversy exceeds $75,000. The Court has no reason to doubt the allegations that Plaintiff suffered a physical injury that is still ongoing. And punitive damages are possible in this litigation. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017) ("Under Illinois law, punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.") (internal quotation marks and citation omitted). Consequently, Walmart's assertion that more than $75,000 is at stake in this litigation is plausible, and removal is proper.

### B. Motion to Dismiss and Motion to Strike (Docs. 4, 6)

After removing this case, Walmart filed a motion seeking to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, seeking a more definite statement pursuant to Rule 12(e) (Doc. 4). In response to the motion to dismiss, Plaintiff filed a supplement to her complaint in state court on June 19, 2019 (Doc.

6-1). Walmart then filed a motion to strike the supplement, or in the alternative, a response to the supplement (Doc. 6). Plaintiff then filed a "Second Addition to the Original Claim" on August 7, 2019, in this Court, which appears to be another supplement to her original complaint (Doc. 7).

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because Plaintiff's complaint was filed *pro se*, it must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Here, the original complaint is one-page and states that Plaintiff is suing for "willful neglect and neglect" based on "an incident that occurred at Walmart, Inc. location in Marion, Illinois" and is seeking $25 million in damages (Doc. 1-2). Plaintiff

has, without question, failed to allege facts sufficient to state a claim in her original complaint.

The document that Plaintiff filed in state court on June 19, 2019 (Doc. 6-1), which was approximately one month after the case was removed to federal court, is a nullity. The state court cannot act on the document because it lost jurisdiction of the case after it was removed. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3736 (4th ed.). This Court cannot act on the document because Plaintiff never filed it in the instant case. In other words, the document effectively does not exist and has no bearing on this case. For that reason, the Court finds the motion to strike is moot.

As for the "Second Addition to the Original Claim" filed in this Court on August 7, 2019 (Doc. 7), the Court will not accept this document as a supplement to the complaint because piecemeal amendments or supplements to a complaint are not permitted. Instead, all facts and all legal claims against all defendants must be set forth in a single document.

The Court could potentially construe the "Second Addition to the Original Claim" as an amended complaint but doing so would be futile because the document— standing on its own without incorporating any information from the prior complaint— does not allege facts sufficient to state a claim. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) ("An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading

and becomes functus officio.") (citation omitted). In the "Second Addition to the Original Claim," Plaintiff alleges that a customer knocked a box of Hot Wheels cars, which weighed approximately eight pounds, off the top shelf, and the box hit Plaintiff "on the top of the head causing neck and back injuries" (Doc. 7, p. 4). The document, however, does not provide any further description of her injuries. The document also does not provide the date of the incident or the location of the Walmart store at which the incident occurred. It also does not contain a demand for relief, does not assert the amount of damages sought, and does not indicate the type of damages sought, *e.g.*, medical expenses, lost wages, pain and suffering, etc.

Accordingly, the motion to dismiss for failure to state a claim (Doc. 4) is **GRANTED**. The complaint (Doc. 1) is **DISMISSED** for failure to state a claim pursuant to Rule 12(b)(6). The dismissal is **without prejudice** and Plaintiff shall have until February 10, 2020 to file an amended complaint.

Plaintiff should keep in mind that the amended complaint will replace her original complaint entirely. Accordingly, the amended complaint must contain all of the pertinent allegations and information required by Rule 8(a) and set forth in the various documents she has filed thus far. Plaintiff is **WARNED** that if she fails to file an amended complaint by the deadline, this action will be dismissed with prejudice.

The motion to strike (Doc. 6) is **MOOT**.

**IT IS SO ORDERED.**

**DATED: January 10, 2020**

                                       **s/ Mark A. Beatty**
                                       **MARK A. BEATTY**
                                       **United States Magistrate Judge**