# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY BAUDISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:19-CV-512-MAB |
| WALMART, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Sherry Baudison's "Response to [13] Order on Motion to Dismiss for Failure to State a Claim" (Doc. 14) and Defendant Walmart's Motion to Dismiss for Lack of Prosecution (Doc. 15).

By way of background, Plaintiff's original complaint was deemed insufficient and it was dismissed pursuant to Rule 12(b)(6) for failure to state a claim (Doc. 13). Plaintiff was given until February 10, 2020 to file an amended complaint (Doc. 13). On February 12, 2020, Plaintiff filed a document titled "Response to [13] Order on Motion to Dismiss for Failure to State a Claim," which was presumably her amended complaint (Doc. 14). Six days later, Defendant moved to dismiss Plaintiff's amended complaint because she missed her deadline to file it by two days and the document she filed cannot be construed as a complaint (Doc. 14).

"Dismissal for failure to prosecute is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or

contumacious conduct, or when other less drastic sanctions have proven unavailable." *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007) (internal quotation marks and citation omitted). Plaintiff's failures in the present case are not of much consequence to the lawsuit and clearly do not amount to long-standing or contumacious conduct that warrants dismissal. Consequently, Defendant's motion to dismiss is denied.

However, the Court agrees with Defendant that the document filed by Plaintiff cannot be construed as a complaint. Given that Plaintiff is proceeding *pro se*, the Court will give her another chance to file a viable complaint. The Clerk of Court will provide Plaintiff with a blank complaint form to assist her. Plaintiff should use this form to allege her claims.

Plaintiff is reminded that the amended complaint will replace her original complaint entirely. Therefore, it must stand completely on its own, must not make reference to the original complaint, and must include ***all facts***, information, and allegations that she wishes the Court to consider, so that her entire statement of claim is presented in a single document.

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). Plaintiff must state what happened to her, who was involved, when it happened, where it happened, and what relief she wants. If Plaintiff believes Defendant was negligent, she must also allege facts, which if taken as true, show that Defendant owed a duty of care to her, that Defendant breached its duty, and that her injury was proximately caused by

Defendant's breach.[1] To the extent Plaintiff intends to seek punitive damages against Defendant, the complaint should include allegations (again which if taken as true) demonstrate that Defendant's conduct was willful and wanton, grossly negligent, or in reckless disregard for the safety of others. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 813 (7th Cir. 2017). Plaintiff should avoid including any legal arguments or unnecessary and irrelevant background information in her amended complaint.

## CONCLUSION

Walmart's Motion to Dismiss for Lack of Prosecution (Doc. 15) is **DENIED**.

Plaintiff shall have until March 20, 2020 to file an Amended Complaint. The Clerk of Court is **DIRECTED** to mail Plaintiff a blank "Complaint for a Civil Case (For Use by Non-Prisoners)." This complaint form is also available on the Court's website (www.ilsd.uscourts.gov) by clicking on the tab "Rules and Forms" in the red bar near the top of the page; then clicking on "For Self Help/Pro Se Parties" in the middle of the page; and then clicking on the Microsoft Word icon next to "Complaint for a Civil Case (For Use by Non-Prisoners)."

---

[1] *See, e.g., Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018) ("To establish a cause of action for negligence under Illinois law, a plaintiff must prove: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach.") (internal quotation marks and citation omitted). *See also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) ("In a premises liability action [under Illinois law], a plaintiff has the burden of proving: (1) the existence of a condition that presents an unreasonable risk of harm to persons on the premises; (2) that the defendants knew, or should have known, that the condition posed an unreasonable risk of harm; (3) that the defendants should have anticipated that individuals on the premises would fail to discover or recognize the danger or otherwise fail to protect themselves against it; (4) a negligent act or omission on the part of the defendant; (5) an injury suffered by the plaintiff; and (6) that the condition of the property was a proximate cause of the injury to the plaintiff."); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1249, "Statement of Particular Matters—Negligence" (3d ed.).

Plaintiff is **WARNED** that if she fails to file an amended complaint by the or consistent with the instructions set forth in this Order, this action will be dismissed with prejudice. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 21, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**