IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY BAUDISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00512 -MAB |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Defendant Walmart, Inc. removed this case pursuant to 28 U.S.C. § 1446 from the First Judicial Circuit Court in Williamson County, Illinois on May 15, 2019 (Doc. 1). Plaintiff Sherry Baudison is proceeding *pro se* against Defendant Walmart seeking $25,000,000.00 in damages for an incident that occurred in one of Defendant's stores that resulted in Plaintiff's injury (Doc. 1-2). The Court has jurisdiction over this matter since complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a).

Plaintiff filed an amended complaint on March 24, 2020 and outlined her claims against Defendant for being grossly negligent by failing to protect her from harm (Doc.

21). Plaintiff was at one of Defendant's stores in Marion, Illinois on or around October 4, 2016 when she was struck on the top of her head by a falling box (Doc. 21, p. 7-9). Plaintiff contends she has since experienced pain in and injuries to her neck, back, and hip. She sought medical attention at Heartland Regional Medical Center on or around October 5, 2016 after the incident at Defendant's store, where she received a CAT scan and X-ray (Doc. 21, p. 9). Those medical tests revealed she had not broken any bones, but the doctors recommended she receive an MRI to see if there were any injuries that could not be detected by a CAT scan or X-ray. *Id.* Plaintiff does not currently have medical coverage, so she was only able to get one MRI, which revealed a bulging disc in her neck (Doc. 21, p. 9-10). Plaintiff is in pain daily from these injuries and has to wear loose fitting clothing (Doc 21, p. 10). Plaintiff contends that Defendant is responsible for her injuries because they failed to address and prevent a known danger to customers (Doc. 21, p. 11). In addition, Plaintiff argues that Defendant is guilty of gross negligence by exposing customers to this danger and showing indifference to Plaintiff's medical needs after she was injured at one of Defendant's stores (Doc. 21, p. 12).

On April 2, 2020, Defendant filed a motion to dismiss for failure to state a claim or in the alternative a motion to strike with Plaintiff's response due by May 7, 2020 (Doc. 22). Plaintiff did not respond to Defendant's motion. On May 13, 2020, the Court ordered Plaintiff to show cause in writing by June 11, 2020 as to why this case should not be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b). Plaintiff was also explicitly warned that if she failed to respond to this Order, the case would be dismissed (Doc. 23). The Order was mailed to Plaintiff on or around May 14, 2020.

Plaintiff has filed nothing in response to the Court's warnings in its last Order (Doc. 23). In fact, Plaintiff has not filed anything with the Court since March 2020 when she filed her amended complaint (Doc. 21).

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.,* 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties she faces in doing so. But those difficulties do not excuse her from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed by the Court to respond to Defendant's motion to dismiss when she missed the response deadline (Doc 23). She failed to do so by the deadline despite being warned of the consequences. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). Therefore, Defendant Walmart's pending Motion to Dismiss (Doc.

22) is **MOOT** because this action is **DISMISSED** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### NOTICE

If Plaintiff wishes to contest this Order, she has two options. She can ask the Seventh Circuit to review the order, or she can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, she must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, she should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of

law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, she can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If she is allowed to proceed IFP on appeal, she will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She will then be required to make monthly payments until the entire filing fee

is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: June 15, 2020**

                                                                                                    s/   Mark A. Beatty  
                                                                                                    **MARK A. BEATTY**  
                                                                                                    **United States Magistrate Judge**