IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY BAUDISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-512-MAB |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant Walmart's ("Walmart") motion to dismiss, or in the alternative motion to strike (Doc. 22), Plaintiff Sherry Baudison's ("Plaintiff") amended complaint (Doc. 21). For the reasons outlined below, Walmart's motion to dismiss will be granted.

## Procedural Background

After removing this case, Walmart filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, seeking a more definite statement pursuant to Rule 12(e) (Doc. 4). The Court ordered Walmart to first file an amended notice of removal to clarify certain jurisdictional allegations before addressing the sufficiency of the complaint (*See* Doc. 11). Walmart did as requested (Doc. 12). In the meantime, Plaintiff filed a supplement to her complaint in state court on June 19, 2019 (Doc. 6-1), and Walmart filed a motion to strike the supplement, or in the alternative, a response to the supplement (Doc. 6). Plaintiff then filed a "Second Addition

to the Original Claim" on August 7, 2019, in this Court (Doc. 7).

The Court carefully reviewed the pleadings and ultimately granted Walmart's motion to dismiss for failure to state a claim and found its motion to strike moot (Doc. 13). The Court dismissed Plaintiff's complaint without prejudice, giving her an opportunity to file an amended complaint in an attempt to state a claim (*Id.*). Plaintiff did, in fact, file an amended complaint (Doc. 21) and Walmart again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to strike pursuant to Rule 12(f) (Doc. 22). Plaintiff filed a response in opposition to the motion to dismiss (Doc. 26).

## Factual Background

On October 3rd or 4th, 2016, Plaintiff and her husband were shopping at the Walmart in Marion, Illinois (Doc. 21, p. 6).[1] They noticed two hot wheels boxes on the top shelf of a toy aisle (*Id.*). The Plaintiff decided to go looking for a Walmart store employee to help them get one or both of these hot wheels boxes off the top shelf (*Id.*). She had no luck, but when she returned to tell her husband he informed her that help was not necessary because he had "already got it" – meaning he already got the box off the top shelf (*Id.*). He placed the box of hot wheels back on the top shelf and then called Plaintiff over to him to show her a "treasure hunt" hot wheels box he had just found. (*Id.* at pp 6-7).

---

[1] The facts in the background section are taken from the amended complaint (Doc. 21). For the purposes of this Order, these facts are presumed true and all reasonable inferences from these facts are drawn in Plaintiff's favor. *E.g., Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, 897 F.3d 797, 802 (7th Cir. 2018).

Plaintiff was admiring this apparently unique find when she "barely heard" her husband tell her that he knocked the box over (*Id*. at p. 7). The Plaintiff was then struck on the top of her head by a 72 count hot wheels box (*Id*.). An unidentified Walmart employee was walking by right as she was struck on the head; the employee gestured to her to ask what happened when her husband came around the aisle and she told him the hot wheels box hit her on the head (*Id*.).

Plaintiff's amended complaint acknowledges that she and her husband "were together at Walmart" but alleges they are considered "two individual customers." (*Id*. at p. 8). Plaintiff acknowledges that her husband is the one who removed the box of hot wheels from the top shelf and replaced it, which ultimately hit her on the head (*Id*.). The amended complaint makes several references to the fact that she and her husband must be considered separate customers even though they were shopping together (Doc. 21, pp. 8-9). Plaintiff also asks the Court, at one point, to "suppress any information about the customer who knocked the box off the top shelf which hit me causing injury" because if she "did not know the other customer, courts would only refer to them as 'the other customer.'" (*Id*.). The fact that the other customer was her husband, she claims, creates an image that the two were working as a team, when in fact they were shopping independently (*Id*. at p. 9).

Plaintiff also alleges that Walmart stacks and stores products in a manner that violates the requirements of the Occupational Safety and Health Administration ("OSHA") (Doc. 21 at p. 13). Elaborating on her OSHA allegations, Plaintiff contends that employees of Walmart do not practice proper safety procedures when removing items

from the top shelf (*Id.*). Plaintiff makes several references to the pictures she has that demonstrate OSHA violations (none of which are attached to the amended complaint) (*See, e.g.,* Doc. 21 at pp. 12-14). Ultimately, Plaintiff seeks damages, as well as punitive damages for the injuries she suffered from the hot wheels box that struck her head (Doc. 21, p. 20-21).

## Discussion

### a. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to address the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta*, 761 F.3d at 736 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Because Plaintiff's complaint was filed *pro se*, it must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### b. Plaintiff's negligence claim

Based on the Court's reading of Plaintiff's amended complaint, it appears she is attempting to advance a negligence claim against Walmart. To state a claim for negligence under Illinois law, "a plaintiff must plead a duty owed by a defendant to that plaintiff, a breach of duty, and injury proximately caused by the breach of duty." *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1148 (7th Cir. 2010). Walmart contends that Plaintiff has failed to allege what duty Walmart owed to Plaintiff and what duty it allegedly breached. Walmart also argues that Plaintiff failed to allege any negligence of Walmart proximately caused her injuries because Plaintiff's amended complaint admits that it was her husband who caused the box of hot wheels to fall on her head (Doc. 22, p. 3). Plaintiff's response in opposition contends that Walmart has misconstrued her statement (Doc. 26). But nevertheless she acknowledges that her husband removed a box from the top shelf at Walmart, placed that box back on the top shelf, and then caused that box to fall and strike her in the head (Doc. 26, pp. 1-3). Her response acknowledges that it was her husband who caused her harm (*Id.* at p. 3).[2]

While the Plaintiff's amended complaint does not necessarily tell a cogent story, one fact is certain: it was Plaintiff's husband who knocked the box off the top shelf and onto Plaintiff's head. There is no act or omission on the part of Walmart that caused the box to fall and hit her.

---

[2] Plaintiff's response in opposition also makes a nonsensical claim that one customer (*i.e.* her husband) caused harm to another customer (*i.e.* her) due to the "mishandling of merchandise by Walmart." (Doc. 26, p. 3). But the allegations in the complaint fail to support this contention because Plaintiff has been unequivocally clear that her husband knocked the box off the shelf that hit her on the head. There is no allegation or inference that Walmart mishandled merchandise causing the box to fall.

Plaintiff's amended complaint makes clear that her husband told her that he knocked the box over, which subsequently struck her head (Doc. 21, p. 7) ("I barely heard him say that he had knocked the box over before he went to the next aisle over."). And this fact is repeatedly reiterated throughout the amended complaint (*See id*. at p. 9) ("the fact is that a customer knocked a box off the top shelf, injuring another customer."). The Plaintiff makes a nonsensical statement that the Court should "suppress any information" about the customer who knocked the box off the shelf "which hit me causing injury" because the customer was her husband. (*Id*. at p. 8-9).

Ultimately, the key is that Plaintiff's amended complaint makes unequivocally clear that Walmart did not breach any duty to her and that it was the conduct of her husband (and no one else) who caused her injury. Plaintiff's negligence claim will be dismissed.

c. **Plaintiff's premises liability claim**

Although Plaintiff's allegations against Walmart sound primarily in negligence, she is proceeding *pro se* and the Court gives her amended complaint a liberal interpretation. Its possible she is also attempting to advance a premises liability claim as well. In order to allege a premises-liability claim, a plaintiff must allege: (1) a condition on the property presented an unreasonable risk of harm to people on the property; (2) the defendant knew or in the exercise of ordinary care should have known of both the condition and the risk; (3) the defendant could reasonably expect people on the property would not discover or realize the danger or would fail to protect themselves against such danger; (4) the defendant was negligent in one or more ways; (5) the plaintiff was injured;

and (6) the defendant's negligence was a proximate cause of the plaintiff's injury. *Stimac v. J.C. Penney Corp., Inc.*, No. 16 C 3581, 2018 WL 497367, at *2 (N.D. Ill. Jan. 22, 2018).

As outlined in detail *supra*, Plaintiff has failed to allege any negligence on the part of Walmart and Plaintiff has failed to allege any act, omission, or negligence of any form on the part of Walmart that caused her injury. Nor can Plaintiff. The simple fact is that Plaintiff's husband removed a box of hot wheels from a shelf, placed it back on the shelf, and then knocked the box off the shelf, causing it to fall and hit Plaintiff's head.

Plaintiff's amended complaint makes passing references to dangerous stacking procedures utilized by Walmart employees (Doc. 21, pp. 12-14). But none of these conditions have any impact on the allegations in this case because Plaintiff has made clear that her husband placed the hot wheels box back on the shelf, then knocked it off the shelf, which hit her on her head and injured her. The amended complaint fails to state a claim for premises liability.

### d. Alleged OSHA Violations

Finally, it is worth noting that Plaintiff makes several references to OSHA violations at Walmart in her amended complaint (*See e.g.*, Doc. 21, pp. 12-14). To the extent Plaintiff is trying to assert a private right of action under OSHA against Walmart, that claim will be dismissed. As a general matter, OSHA is designed to ensure safe and healthful working conditions for working men and women. *See* https://www.osha.gov/aboutosha (last visited November 6, 2020). OSHA covers *workers* and their *employers*; it has no relevance to customers of a business like Plaintiff here. *Id*. The Plaintiff's amended complaint repeatedly states she was a customer of Walmart; she

is not an employee. So its unclear what application she thinks OSHA has in this instance.

But even so, district courts throughout this circuit have made clear there is no private right of action under OSHA. *See Basden v. AG Growth Int'l, Inc.*, No. 12-CV-41-JPG-PMF, 2012 WL 3610112, at *1 (S.D. Ill. Aug. 21, 2012) ("Accordingly, OSHA does not create a private right of action, and [plaintiff] has no federal cause of action."); *Adami v. Green Giant Div., a Div. of Pillsbury Co.*, 849 F. Supp. 615, 616 (N.D. Ill. 1994) ("OSHA is a purely regulatory provision with no private remedial action.");*Fletcher v. United Parcel Serv., Local Union 705*, 155 F. Supp. 2d 954, 957 (N.D. Ill. 2001) (noting the Secretary of Labor may enforce rights under OSHA and finding that plaintiff "cannot bring a private claim against the defendants for violating a provision of OSHA."); *W. Am. Ins. Co. v. Trent Roofing & Const.*, 539 F. Supp. 2d 1052, 1056 (N.D. Ill. 2008)(citations and quotations omitted) ("More significantly, based on the language of the statute, Illinois courts have found OSHA regulations do not create a duty of care with respect to employee injuries or death."). Accordingly, to the extent Plaintiff is attempting to advance a claim against Walmart pursuant to OSHA, that claim will be dismissed.[3]

## Conclusion

Defendant Walmart's motion to dismiss (Doc. 22) is **GRANTED**; Walmart's

---

[3] Plaintiff's amended complaint makes allegations about willful and wanton conduct and requests punitive damages. Willful and wanton conduct may support a claim for punitive damages in the context of intentional torts and negligence, but it is not an independent claim. *Owens v. Fleet Car Lease, Inc.*, No. 09-CV-0967-MJR, 2010 WL 11566100, at *2 (S.D. Ill. Jan. 15, 2010); *Happel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d 883, 885 (N.D. Ill. 2004) ("Willful and wanton conduct may justify punitive damages, but it is not, however, an independent tort, so far as we know."). Because the Court has concluded that Plaintiff's negligence claim fails, as well as every other claim advanced by her amended complaint, her request for punitive damages necessarily fails. And to the extent Plaintiff asserts punitive damages as a stand-alone claim, it fails as it is not an independent claim.

alternative motion to strike is therefore **MOOT**. This is Plaintiff's second attempt to state a claim in this action. It is manifestly clear from the allegations in the amended complaint that Plaintiff cannot do so. Accordingly, this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case on the Court's docket.

    **IT IS SO ORDERED.**

    **DATED: November 9, 2020**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**