IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRY BAUDISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-512-MAB |
| | ) |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Sherry Baudison's motion for reconsideration (Doc. 31). Defendant Walmart failed to file a response to Plaintiff's motion. Plaintiff asks this Court to reconsider its Order granting Walmart's motion to dismiss (Doc. 29). The Court has carefully reviewed the record and for the reasons outlined below, Plaintiff's motion will be denied.

## Procedural Background

After removing this case, Walmart filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, seeking a more definite statement pursuant to Rule 12(e) (Doc. 4). The Court ordered Walmart to first file an amended notice of removal to clarify certain jurisdictional allegations before addressing the sufficiency of the complaint (*See* Doc. 11). Walmart did as requested (Doc. 12). In the meantime, Plaintiff filed a supplement to her complaint in state court on June 19, 2019 (Doc. 6-1), and Walmart filed a motion to strike the supplement, or in the

alternative, a response to the supplement (Doc. 6). Plaintiff then filed a "Second Addition to the Original Claim" on August 7, 2019, in this Court (Doc. 7).

The Court carefully reviewed the pleadings and ultimately granted Walmart's motion to dismiss for failure to state a claim and found its motion to strike moot (Doc. 13). The Court dismissed Plaintiff's complaint without prejudice, giving her an opportunity to file an amended complaint in an attempt to state a claim (*Id.*). In so doing, the Court cautioned Plaintiff that her amended complaint "[m]ust stand completely on its own" and "must include *all facts*, information, and allegations that she wishes the Court to consider, so that her entire statement of claim is presented in a single document.") (*Id.*) (emphasis in original). Mindful that Plaintiff was proceeding *pro se*, the Court provided a detailed analysis of what is necessary to state a claim under the Federal Rules of Civil Procedure. (*Id.*). Finally, the Court cautioned Plaintiff that if she failed to file an amended complaint consistent with the instructions provided in the Order, the action will be dismissed with prejudice. (*Id.*).

Plaintiff filed an amended complaint (Doc. 21) and Walmart again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to strike pursuant to Rule 12(f) (Doc. 22). Plaintiff filed a response in opposition to the motion to dismiss (Doc. 26). After a careful review of the pleadings, the Court again concluded that Plaintiff had failed to state a claim for relief and, as it said it would, dismissed the amended complaint with prejudice (Doc. 29).

## Discussion

The Court's Order dismissing Plaintiff's case with prejudice and the

corresponding judgment were entered on November 9, 2020 (Docs. 29, 30). Plaintiff's motion to reconsider does not contain a certificate of service on it, but the docket does contain a photocopy of the envelope it was received in and indicates it was deposited in the mail on December 12, 2020 and received at the Courthouse on December 16, 2020 (Doc. 29, pp. 31-32). In either scenario, it was submitted/received more than 28 days after the entry of judgment and therefore the Court will consider the motion as one made under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59 (requiring any motion made under that rule to be filed no later than 28 days after the entry of judgment).

Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). The Rule permits a court to vacate a judgment, order, or proceeding based on one of six specific grounds:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

For grounds one, two, and three, the motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). A review of Plaintiff's motion to reconsider reveals that it does not fit within any of the first five categories. The sixth category is the "catchall provision of Rule 60" and

permits a district court to reopen a judgment for any reason that justifies relief. *Bakery Machinery & Fabrication*, 570 F.3d at 848. The decision whether to grant relief under Rule 60(b) is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Id.* ("The district court has great latitude in making a Rule 60(b) decision because that decision 'is discretion piled on discretion.'").

From the outset, Plaintiff states that her motion to reconsider is "an attempt to add sufficiency and clarity to my claims in hopes for a reconsideration." (Doc. 31). A reading of the motion then reveals that she is attempting to further explain facts or legal theories from her amended complaint or parsing out the Court's language from its previous Order and commenting on her understanding of it or attempting to clarify facts in response to it (*Id.*). Plaintiff's motion does attempt to advance new facts for the Court's consideration in what appears as an attempt to simply add more context. Plaintiff also included an index of photos, which she referenced in her amended complaint, but failed to attach to the amended complaint (*Id.* at pp. 23-29).[1]

The Court has reviewed the record yet again, including the motion to reconsider, and remains convinced that its Order of dismissal was correct and that its decision to dismiss the case with prejudice was appropriate. Plaintiff's motion fails to convince this

---

[1] Plaintiff also submitted a thumb drive containing the photos in support of her motion for reconsideration. The Court's receipt of the thumb drive is reflected on the docket through a Notice of Manual Filing (*See* Doc. 32). None of these photos constitute newly discovered evidence as all were available to Plaintiff at the time she filed her amended complaint and the Court had previously informed Plaintiff that the amended complaint must include "**all facts**, information, and allegations that she wishes the Court to consider, so that her entire statement of claim is presented in a single document." (Doc. 16) (emphasis in original). Nor do the pictures convince the Court that reconsideration is appropriate. They are all general conditions that Plaintiff contends are unsafe. But they have no actual application to the facts of this case. As Plaintiff alleged in her amended complaint, the pictures are conditions at an unknown store that she claimed were generally "dangerous for children to be around" (*See, e.g.*, Doc. 21, p. 14). In other words, they have nothing to do with the facts of *this* case or proving an element of Plaintiff's claim.

Court that there is any just or equitable reason that would warrant reconsideration of its previous Order and setting aside the judgment. In fact, her motion to reconsider makes abundantly clear that she failed to state a claim for relief against Walmart. The facts alleged in the amended complaint clearly and unequivocally established that no act or omission on the part of Walmart caused her injury or damage. In short, Plaintiff did not and cannot state a claim for negligence. Nor can Plaintiff maintain a premises liability action. Ultimately, Plaintiff alleges she was injured by the act of *another customer* not the Defendant. Indeed, there is nothing about the set of facts presented by Plaintiff that demonstrates Walmart knew or in the exercise of ordinary care should have known of a condition presenting an unreasonable risk of harm to its customers. Plaintiff's motion to reconsider simply confirms this. She indicates that collectors are "fiercely competitive", "driven", act with "blind drive" and will celebrate the rewards of an adrenaline rush (Doc. 31, pp. 16-18). Plaintiff maintains that her husband – the third party – was behaving as a "collector" at the time of the incident (*Id*.). "If an act that intervenes between the defendant's conduct and the plaintiff's injury is not reasonably foreseeable, this intervening act is the independent cause of the injury, and it breaks the causal chain that would establish the defendant's liability." *Suzik v. Sea-Land Corp.*, 89 F.3d 345, 348 (7th Cir. 1996). Simply put, there is nothing about the third party's conduct here (regardless of whether it was Plaintiff's husband or someone else) that was reasonably foreseeable to Walmart. The facts, as alleged and clarified by her motion to reconsider, demonstrate quite the opposite. That the third party was acting unpredictably. Moreover, Plaintiff's amended complaint did not sufficiently allege any negligent conduct on the part of

Walmart.

Finally, the Court remains convinced that its dismissal of any OSHA claim was correct. As outlined in its Memorandum and Order, there is no private right of action under OSHA (*See* Doc. 29).

## Conclusion

Plaintiff Sherry Baudison's motion for reconsideration (Doc. 31) is **DENIED**.

## Notice To Plaintiff of Appeal Rights

If Plaintiff wishes to contest this Order, she can appeal it to the Seventh Circuit Court of Appeals. Plaintiff should know that she must file a notice of appeal within 30 days after the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

If Plaintiff chooses to appeal to the Seventh Circuit, she can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, she must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If she is allowed to proceed IFP on appeal, she will be

assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

    **IT IS SO ORDERED.**

    **DATED: March 2, 2021**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
